# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **BRITTANY GORDON,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CV NO.: 7:21-cv-1437-LSC |
| | ) |
| **THE DCH HEALTHCARE AUTHORITY,** | ) |
| | ) |
| DEFENDANT. | ) |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

COMES NOW the Plaintiff Brittany Gordon ("Plaintiff"), and the Defendant The DCH Healthcare Authority ("Defendant"), and jointly move for the Court to approve the Parties' Settlement Agreement (attached as **Exhibit A**), which represents a resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

In support of this Motion, the Parties state as follows:

## INTRODUCTION

1. Plaintiff initiated this civil action as a FLSA collective action against Defendant alleging that Defendant unlawfully failed to factor certain non-discretionary shift bonuses into Plaintiff's and other similarly situated employees' regular rate for the purpose of calculating and paying overtime wages

for all hours worked in excess of forty during multiple work weeks in violation of the FLSA. (Doc. 1).

2. None of Defendant's employees, other than Plaintiff, have consented to join Plaintiff's putative collective action.

3. The Parties have informally exchanged information regarding Plaintiff's claims including Plaintiff's earnings statements and Defendant's calculations of overtime paid to Plaintiff. Plaintiff has subsequently determined that she no longer desires to pursue the claims alleged in the Complaint. Defendant denies Plaintiff's allegations and that she is due any relief; however, Defendant desires to obtain a dismissal with prejudice of the Complaint and a general release of all claims from Plaintiff in favor of the Defendant. Moreover, the Parties recognize and acknowledge that the expense in time and money of litigation, the uncertainty and risk of litigation, as well as the difficulties and delays inherent in such litigation, which makes settlement of this matter a mutually appealing resolution.

4. Accordingly, the Parties have reached a Settlement Agreement to resolve the Plaintiff's claims for overtime wages, liquidated damages, and attorneys' fees and expenses. The Agreement is attached hereto as **Exhibit A**.

5. Pursuant to applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in

actions brought for back wages under the FLSA. *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in this Agreement are mutually satisfactory and that they represent a fair and reasonable resolution of a bona fide dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

6. In support of this motion, Plaintiff submits that she is satisfied that she will be compensated under the terms of the Settlement Agreement for the alleged unpaid overtime wages to which she claims to be entitled. Additionally, Plaintiff's counsel represents that: (a) Plaintiff fully understands the Agreement, and (b) Plaintiff has consulted with her counsel of record before submitting the attached Agreement to this Court and has entered into it knowingly and voluntarily.

WHEREFORE, the Parties respectfully request that this Court approve the Settlement Agreement as a fair and reasonable compromise of disputed issues under the FLSA.

## **MEMORANDUM OF LAW**

7. Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. See 29 U.S.C. § 216(c) (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by

an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

8. In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

9. In the instant action, the Court should approve the Parties' Settlement Agreement to resolve Plaintiffs' FLSA claims against Defendant. The proposed Settlement Agreement arises out of an action that was adversarial in nature. The

parties disputed the merits of this case, with Plaintiff contending that Defendant violated the FLSA by failing to factor non-discretionary bonuses into Plaintiff's regular rate for the purpose of computing overtime pay due to Plaintiff, and Defendant disputing Plaintiff's allegations by asserting that it did correctly calculate and pay to Plaintiff the additional overtime derived from the payment of the non-discretionary bonuses. During the litigation and settlement of this action, both parties were represented by competent and experienced attorneys who are well versed in this area of the law. Plaintiff and her counsel discussed her claims, and the Parties formulated their own proposed settlement figures. Defendant provided time records and earnings statements to Plaintiff to allow for a reasoned analysis of her claim. The Parties then engaged in settlement discussions based on their independent calculations and analysis of such records.

10. The Parties entered into this settlement in recognition of the risks inherent in any litigation – specifically, for Plaintiff, the risk of no recovery or a recovery that is less than the one obtained through this proposed agreement; and, for the Defendant, the risk of a verdict against it on the merits. The Settlement Agreement provides Plaintiff with a compromised recovery of the claimed unpaid overtime wages sought in this lawsuit, a payment of attorneys' fees and costs to their counsel for prosecuting this matter; as such, it represents a fair and reasonable compromise of this matter.

11. Because the Settlement Agreement represents a fair and reasonable compromise over bona fide FLSA wage disputes and was negotiated at arms' length, the Court should approve this settlement.

## SETTLEMENT TERMS

12. Plaintiff contends she worked for Defendant as an hourly non-exempt employee during various work weeks during which she was paid shift bonuses for additional 12 hour shifts she worked during such workweeks. (Doc. 1, ¶¶ 18, 20, 26, 28 – 30). She further contends that during such workweeks in which she worked more than 40 hours Defendant failed to factor these shift bonuses into Plaintiff's regular rate for the purposes of calculating and paying Plaintiff the proper amount of overtime due to her in accordance with the FLSA and its interpreting regulations. *Id.*

13. In an effort to resolve this lawsuit, Defendant produced to Plaintiff's attorneys Plaintiff's payroll records, internal correspondence regarding the shift bonus program, Plaintiff's personnel file, and Plaintiff's earnings statements detailing the hours Plaintiff worked during the relevant workweeks, the rates paid based on hours performed each work week, and its calculations of the overtime it paid to Plaintiff during the workweeks in which she was a paid one or more shift bonuses and also worked more than 40 hours all to aid Plaintiff's evaluation of her claims and Defendant's defenses.

6

14. Following the exchange of Plaintiff's payroll records and Defendant's detailed calculations, Plaintiff and Plaintiff's counsel determined that the case was much less likely to succeed than originally believed. Plaintiff determined that she did not desire to seek conditional certification of her putative collective action or otherwise continue to pursue her claims. However, Defendant desired to have a dismissal of the Complaint with prejudice, receive a general release from Plaintiff as to all claims, and the Parties entered into negotiations to settle this dispute accordingly.

15. Throughout settlement negotiations, the Parties discussed the strengths and weaknesses of their respective positions. Notably, the parties recognized the inherent risks with continued litigation. Plaintiff believes that the amount she will receive pursuant to this settlement reflects a reasonable compromise of unpaid overtime wages and liquidated damages that she could expect to recover if she were to prevail on her FLSA claims at trial. While still denying liability, Defendant believes that the amount Plaintiff will receive pursuant to this settlement reflects an amount in excess of complete and total satisfaction for any unpaid overtime wages and liquidated damages Plaintiff could expect to recover if each were to prevail on their FLSA claims at trial.

16. Plaintiff's counsel estimated Plaintiff's likely best-day-in-court regular rate damages using the records and calculations provided by Defendant. Under the

7

8526365v1

terms of the settlement, Plaintiff is receiving an amount in excess of these likely damages.

17. Plaintiff agrees that $2,500.00 should be paid to her attorneys in consideration of the settlement. Defendant agrees that this sum is fair and reasonable. Plaintiff's counsel expended time preparing the Complaint, studying Defendant's records, as well as time negotiating with Defendant. Defendant has agreed that this amount be awarded to counsel for Plaintiff. Defendant has agreed to pay this amount in consideration of the costs, work performed, hours spent, likely hourly rates awardable, and in an effort to expedite payment to Plaintiff and to avoid costs and delay associated with continued litigation and fee petition.

18. Defendant will tender payments to Plaintiff and Plaintiffs' Counsel within 14 calendar days of the Court's approval of the above settlement.

19. Defendant shall provide to any third-party inquiring about the Plaintiff's previous employment with Defendant a neutral reference consisting solely of dates of employment and last position held.

20. The Parties represent that they have reached a reasonable and fair resolution of Plaintiff's FLSA claims. The Parties represent that they engaged in a good faith, arms' length negotiations to resolve the matter. The record indicates that a bona fide dispute existed regarding Defendant's calculation and payment of overtime paid to Plaintiff as a result of shift bonus payments made to Plaintiff.

21. A Proposed Stipulated Judgment, Approval of Settlement and Order of Dismissal is attached as **Exhibit B**.

## CONCLUSION

The Parties have reached settlement as to all issues and claims, including the issue of attorneys' fees and expenses. Undersigned counsel for Defendant affirms to the Court that he has authority from both Defendant and Plaintiff to submit the above Joint Motion for Settlement Approval and Incorporated Settlement Agreement resolving this dispute on these specific terms and that there are no other terms that have not been stated. The Settlement is contingent on this Court's approval.

Respectfully submitted this the 30th day of August 2022.

| | |
|---|---|
| /s/ *Courtney Lowery* | /s/*Thomas W. Scroggins* |
| Courtney Lowery | Thomas W. Scroggins |
| ASB No. 4047-V46J | ASB No. 8846-G47T |
| Attorney for the Plaintiff | Attorney for the Defendant |
| Sanford Law Group, PLLC | Constangy Brooks, Smith & Prophete, LLP |
| 10800 Financial Center Parkway | |
| Suite 510 | Two Chase Corporate Drive |
| Little Rock, Arkansas | Suite 120 |
| Phone: (501) 221-0088 | Birmingham, Alabama 35244 |
| courtney@sanfordlawfirm.com | Phone: (205) 226-5472 |
| | tscroggins@constangy.com |

8526365v1

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Clerk of this Court using the CM/ECF system of filing which will forward a copy to counsel for the Plaintiff at the following address:

>Courtney Lowery
>Sanford Law Firm, PLLC
>10800 Financial Center Parkway
>Suite 510
>Little Rock, Arkansas 72211

This the 30th day of August, 2022.

>/s/ *Thomas W. Scroggins*
>Of Counsel