# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **BRITTANY GORDON,** | ) |
| | ) |
|     **PLAINTIFF,** | ) |
| | ) |
| **VS.** | )   **CV NO.: 7:21-cv-1437-LSC** |
| | ) |
| **THE DCH HEALTHCARE** | ) |
| **AUTHORITY,** | ) |
| | ) |
|     **DEFENDANT.** | ) |

# EXHIBIT A TO JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| BRITTANY GORDON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 7:21-cv-1437-LSC |
| THE DCH HEALTHCARE AUTHORITY, | ) ) ) ) |
| Defendant. | ) ) |

## SETTLEMENT AGREEMENT

Subject to and contingent upon the approval of the United States District Court for the Northern District of Alabama ("Court"), Plaintiff Brittany Gordon ("Plaintiff"), and Defendant The DCH Healthcare Authority ("Defendant"), enter into this Settlement Agreement ("Agreement"). Plaintiff and Defendant are collectively referred to herein as the "Parties" and each as a "Party."

### RECITALS

WHEREAS, on October 27, 2021, Plaintiff filed a Complaint in the United States District Court for the Northern District of Alabama, entitled *Brittany Gordon, individually and on behalf of all others similarly situated v. The DCH Healthcare Authority*, Civil Action No. 7:21-cv-01437, against Defendant (the "Action");

WHEREAS, the Action was brought on behalf of the Plaintiff and all purportedly similarly situated individuals for "unpaid overtime wages" that were allegedly unpaid in violation of 29 U.S.C. § 207 of the FLSA;

WHEREAS, the Parties informally exchanged information relating to the Plaintiff's claims, and Plaintiff determined not to further pursue her claims in this Action;

WHEREAS, Defendant desires to obtain a court-approved settlement and dismissal of Plaintiff's claims alleged in the Complaint and a general release from Plaintiff concerning any and all other claims Plaintiff may have against it;

WHEREAS, on July 22, 2022, the Parties reached an agreement on the terms and conditions of a settlement as set forth in this Settlement Agreement subject to and contingent upon approval by the Court;

WHEREAS, the Parties agree to cooperate and take all steps necessary and appropriate to dismiss this Action with prejudice; and

WHEREAS, the Parties desire to resolve fully and finally any and all claims and/or disputes arising from or relating to the Complaint and any other claim Plaintiff may have against Defendant in an amicable manner without the difficulties and expenses involved in further litigation; it is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement of all Released Claims against all Released Parties.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** among the Parties, by and through their respective attorneys of record, and subject to the approval of the Court, that in consideration of the foregoing and of the promises and mutual covenants contained herein, and other good and valuable consideration, the Action shall be settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

1. **Settlement Amount.**

    a. The total Settlement Amount is **$3,000.00** consisting of: (1) **$500.00** paid to Plaintiff for the release granted herein, and (2) **$2,500.00** paid to Plaintiff's attorneys Sanford Law Firm, PLLC for fees and expenses.

    b. Defendant does not require Plaintiff's counsel to file any application for attorneys' fees, costs, and expenses. All amounts allocated and approved as attorneys' fees and costs will be paid via check and reported via an IRS Form 1099. Plaintiff's counsel will submit a completed form W-9 upon Defendant's request.

    c. If, in approving this Agreement, the Court requests to review the allocation of Plaintiff's Counsel's attorneys' fees or costs, Defendant will not oppose any arguments Plaintiff's Counsel may make regarding the appropriateness of their attorneys' fees, costs and expenses.

2. **Disbursement of the Settlement Amount**

    a. Within 14 days of the Court's final approval of settlement and dismissal, Defendant shall issue one check in the amount of $500.00 to Plaintiff for the above agreed upon allocated settlement amount. Within 14 days of the Court's final approval of settlement and dismissal, Defendant shall issue one check in the amount of $2,500.00 to Plaintiff's counsel for the agreed upon attorneys' fees and expenses.

    b. Defendant shall send the checks to Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Pkwy, Suite 510, Little Rock, Arkansas 72211. Defendant shall reissue lost, stale or damaged checks at no cost upon request from Plaintiff's counsel.

    c. Plaintiff shall have ninety (90) calendar days after the issuance of the settlement check to deposit it. If Plaintiff does not deposit her check within that 90-day period, such

check will be void. In such event, Plaintiff will be deemed to have waived irrevocably any right in or claim to that settlement check, and any settlement funds relating to uncashed checks shall be retained by Defendant.

    d. Defendant shall cooperate with Plaintiff's counsel to reissue any lost or damaged settlement checks at no cost within the 90-day period.

### 3. Non-Admission of Liability

Nothing contained in this Settlement Agreement shall be construed as or deemed an admission of liability, damages, culpability, negligence, wrongdoing, or other unlawful behavior on the part of Defendant. Defendant denies any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Complaint. In particular, Defendant denies that it failed to correctly factor the shift bonuses described in the Complaint into Plaintiff's regular rate for the purposes of calculating the amount of overtime due to her and all other Defendant's employees who were paid such bonuses.

### 4. Voiding the Settlement Agreement

    a. In the event the Court refuses to approve this Settlement or any material part of it, Counsel for a party to this Settlement shall have the right to terminate this Agreement by providing written notice of their election to do so to Counsel for the other party hereto within ten (10) business days of an Order refusing or declining to approve the settlement or any material part of it.

    b. In the event that Counsel for either Party exercises the right of termination set forth in this Section, then this Settlement shall be deemed null and void, of no force and effect, inadmissible as evidence and of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever.

    c. If this Agreement is terminated, each Party shall return to his, her, or its respective status as of July 22, 2022, and they shall proceed in all respects as if this Agreement had not been executed, preserving all of their respective claims and defenses.

**5. General Release of All Claims**

Plaintiff hereby releases, acquits, and discharges Defendant and its current and former parents, subsidiaries, affiliates, partnerships, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subsection, and their successors (referred to herein as the "Released Parties") from any and all claims whatsoever of any kind or nature arising out of or in any way connected with: (i) Plaintiff's employment by Defendant, (ii) the termination of her employment, and (iii) any other claim she may have arising from any event occurring prior to the date of this Agreement including, but not limited to, any and all claims of any kind, any cause of action, charge, claim, complaint, or demand that was or could have been asserted under any covenant, contract, agreement, promise, obligation or liability of any kind, including any claim of employment discrimination or other rights and benefits arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. §§ 1981, 1985(3) and 1986, the Equal Pay Act, the Pregnancy Discrimination Act, the Age Discrimination in Employment Act (ADEA), the Alabama Age Discrimination in Employment Act (AADEA), the Employee Retirement Income Security Act of 1974 (ERISA), the Americans With Disabilities Act (ADA), the Family and Medical Leave Act of 1993 (FMLA), the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA),

the Fair Labor Standards Act (FLSA), unfair labor relations claims under the National Labor Relations Act, the federal False Claims Act, emotional distress, defamation, attorneys' fees, back pay, front pay, vacation, sick pay and/or any other federal or state statute or common law prohibiting employment discrimination, retaliation, or for wages or damages, which Plaintiff now has or may have had, whether the same be at law, in equity or mixed, in any way arising from or relating to any act, omission, failure to act, occurrence or transaction, or any other statute of the United States of America, the laws of the State of Alabama or any other state and the Constitution of the State of Alabama, any other state or the United States, it being expressly understood by Plaintiff that, by the execution of this Agreement, she has given the Released Parties a general release of any and all claims she may have had against the Released Parties whether presently known or unknown.

## 6. Non-Assignment

Plaintiff represents, agrees, and warrants that she has not assigned to any other person or entity all or any portion of her claims released in this Agreement. Plaintiff further agrees that her agents, representatives, executors, trustees, conservators, guardians, heirs, administrators, subrogees, insurers, indemnitors, and assigns shall be fully bound by each and every provision of this Agreement, just as she is bound. Plaintiff represents, agrees, and warrants that no guardian, conservator or other representative has been appointed to act in her interest, that no such appointment proceedings are pending, and that she has full, express and binding authority to execute this Agreement on her own behalf.

## 7. Neutral Reference

In the event Defendant receives an inquiry from a third party regarding the work history or performance of Plaintiff for the purpose of determining Plaintiff's fitness for employment,

Defendant shall only respond by confirming Plaintiff's dates of employment and positions held. However, nothing herein shall prohibit Defendant from completely responding to any subpoena for Plaintiff's employment records or providing complete and truthful testimony in any judicial or administrative proceeding.

## 8. No Rehire

Plaintiff understands and agrees that, as a condition of this Agreement, she waives reinstatement and will not be entitled to any future employment with Defendant, its subsidiaries or affiliates. Plaintiff further agrees that she will not apply for or otherwise seek future employment with or engagement by Defendant, its subsidiaries, or affiliates in any capacity, including that as an employee or independent contractor. In the event Plaintiff does apply for or seek employment, such application may be refused on the basis of this mutually negotiated Agreement, and Plaintiff hereby waives and releases any claim she may have related to any future refusal to hire her by Defendant.

## 9. Extensions of Time

The parties may jointly request that the Court allow reasonable extensions of time to carry out any of the provision of the Agreement without formally amending this Settlement Agreement.

## 10. Mutual Full Cooperation

Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Settlement Agreement.

## 11. Construction

The Parties agree that the terms and conditions of this Agreement are the result of lengthy and intensive arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or

Doc ID: f196d6f882bfd2b775edc8129a4c33ee11038e55

its counsel participated in the drafting of this Agreement. The Parties request that before declaring any provision of this Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Agreement.

## 12. Mediation of Disputes

Any dispute which may arise under this Agreement, including any dispute with respect to administration of the settlement, may be submitted, if both parties agree, to a mediator of the Parties' choice.

## 13. Captions and Interpretations

Section titles or captions contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## 14. Modification

This Agreement may be changed, altered, or modified only by (a) an order of this Court or (b) a writing signed by counsel for both Parties. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties and approved by the Court.

## 15. Integration Clause

This Agreement contains the entire agreement between the Parties relating to the settlement of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Agreement. No rights under this Agreement may be waived except in writing signed by the counsel for the Parties.

### 16. Binding on Assigns

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

### 17. Counterparts and Facsimile Signatures

This Agreement may be executed in counterparts, and when signed and delivered, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one agreement. This Agreement may be executed by electronic or facsimile signatures, PDF, or email, which shall be deemed to be originals.

### 18. Attorneys' Fees for Enforcement

In the event of a breach of this Agreement by any party as to any duty, warranty, or undertaking owed to another party, which default results in efforts by the non-defaulting party to remedy same (whether or not a lawsuit is filed), the defaulting party shall pay, in addition to such other sum as may be due hereunder, all costs and expenses of such efforts, including, but not limited to, a reasonable attorneys' fee.

### 19. Applicable Law

This Settlement Agreement shall be governed by and construed in accordance with federal law and the law of the State of Alabama, to the extent federal law does not apply.

### 20. Retention of Jurisdiction

The Parties intend to request that the presiding Court retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of this Court for purposes of implementing and enforcing the terms of this Agreement.

8519939v1

Doc ID: f196d6f882bfd2b775edc8129a4c33ee11038e55

Plaintiff will file an agreed upon motion for approval of settlement with this Agreement as an attachment. If the Settlement is approved, the Parties will seek dismissal with prejudice unless the Court does so of its own accord.

**PLEASE READ CAREFULLY! THIS AGREEMENT INCLUDES A GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS THAT YOU MAY HAVE!**

Dated effective the date below written, I, Brittany Gordon, acknowledge and declare that (i) I have been advised in writing of my right to have legal counsel or other representatives review this Agreement and have been granted an opportunity to have legal counsel or other representatives do so; (ii) I have read this Agreement and fully understand its terms and voluntarily accept those terms for the purpose of making a full and final settlement and release of any and all claims arising from any event occurring prior to the execution of this Agreement; (iii) in entering into this settlement and in executing this Agreement, I have taken into consideration all known losses, damages, and expenses resulting from the matters set out herein, all losses, damages, and expenses which may occur or become known in the future, whether anticipated or not, as a result of the matters set out herein; and (iv) I have signed this Agreement of my own free will, voluntarily and knowingly.

Dated this the  23  day of August 2022.

*Brittany M Gordon*
_____
Brittany Gordon

The DCH Health Care Authority

_____
By: Christopher Jones
Its: General Counsel

10

8519939v1

Doc ID: f196d6f882bfd2b775edc8129a4c33ee11038e55